PER CURIAM.
Plaintiff-appellant National Union Fire Insurance Co. (“National Union”) filed this diversity suit against defendants-appellees Allfirst Bank and SunTrust Bank,* alleging state-law claims arising from the banks’ acceptance for deposit of checks issued by National Union’s subrogor. The district court granted summary judgment in favor of the defendants on all claims, and we affirm.
I.
This action arises from a fraudulent scheme perpetrated by a former employee of the accounts payable department of Kaiser Foundation Health Plan of the Mid-Atlantic States (“Kaiser”). By submitting fraudulent invoices for services never rendered, the employee induced Kaiser to pay out fifteen checks for large sums to three payees — “Not Just Computers,” ‘Tates Technology, Inc.,” and “Moffat Sales Corp.” J.A. 323-24. The defendant banks accepted these checks for deposit into accounts in the names of the three payees. J.A. 323-24. Upon discovery of the fraudulent scheme in August 2000, Kaiser brought two Maryland state court actions against the three payees and obtained judgments against them in the full amount of the issued checks. J.A. 325, 342. Kaiser also filed a claim with its insurer, National Union, which fully compensated Kaiser for its losses from the fraudulent scheme. National Union subsequently filed this subrogation action in the district court, bringing claims against the banks for statutory negligence in violation of sections 3-404, 3-405, and 3-406 of the Maryland Commercial Code; for “money had and received” under Maryland common law; for conversion; and for breach of restrictive indorsement. J.A. 292-303. The district court granted summary judgment for the defendants on all claims.
II.
In granting summary judgment for the defendants, the district court held inter alia that National Union was judicially estopped from alleging that the three payees were “fictitious entities” under section 3-404(b) of the Maryland Commercial Code. Because judicial estoppel is an equitable doctrine that falls within the district court’s discretion, we review the district court’s decision to apply judicial estoppel for abuse of discretion. King v. Herbert J. Thomas Mem. Hosp., 159 F.3d 192, 196, 198 (4th Cir.1998) (“As an equitable doctrine, judicial estoppel is invoked in the discretion of the district court.... [W]e conclude that the district court was well within its discretion in applying judicial estoppel----”).
In support of its statutory negligence claims under section 3^104(b), National Union contends that the three payees of the Kaiser checks were “fictitious persons.” See Md.Code, Com. Law I, § 3-404(b)(ii) (allowing for recovery in cases *531 where “the person identified as payee of an instrument is a fictitious person”). The district court held that National Union is judicially estopped from asserting this theory, because its subrogor Kaiser affirmatively pled in the two state court actions that the three payees were real entities and secured judgments against them thereby. J.A. 340-46.
We hold that the district court did not abuse its discretion in applying judicial estoppel to prevent National Union from arguing that the three payees were fictitious persons. The doctrine of judicial estoppel has three necessary elements:
(1) The party to be estopped must be asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding; (2) the prior inconsistent position must have been accepted by the tribunal; and (3) the party to be estopped must have taken inconsistent positions intentionally for the purpose of gaining unfair advantage.
King, 159 F.3d at 196. But “judicial estoppel will not be applied where the party’s inconsistent positions resulted from inadvertence or mistake.” Id. Here, it is evident that the position taken by Kaiser in the two state court actions — namely that the three payees were real entities amenable to judicial process and judgment — is “factually incompatible” with National Union’s current claim that the three payees were “fictitious persons.” And the state courts accepted the prior inconsistent position, because they rendered judgments against all three payees. See J.A. 305, 441.
Moreover, the district court did not abuse its discretion in determining that National Union is now taking the subsequent inconsistent position “intentionally for the purpose of gaining unfair advantage,” rather than as a result of “inadvertence or mistake.” As the district court noted, Kaiser consistently alleged that the payees were real entities in the state court, after significant investigation and across multiple amendments to the complaints. See J.A. 343-35 (“[N]one of these judgments were ... the inadvertent result of Kaiser’s hasty assumptions formed only days after discovering the fraud. They came as a result of a deliberate and lengthy course of conduct in litigation.”). In addition, the record shows that Kaiser’s investigation uncovered evidence of the real existence of all three payees. See J.A. 343 (Kaiser’s investigation concluded that Not Just Computers was a real computer business owned and operated in the District of Columbia); J.A. 339 (National Union acknowledged that Yates Technology, Inc. is an entity validly incorporated in the Bahamas); J.A. 389 (Kaiser alleged that “Moffat Sales is doing business at 1207 Nova Avenue, Suite 1, Capital Heights, Maryland”). Moreover, as subrogee of Kaiser, National Union holds enforceable judgments against all three payees in the full amount of the Kaiser checks, raising the possibility of double recovery on inconsistent factual theories, which renders judicial estoppel particularly appropriate. See King, 159 F.3d at 198 (“To allow King to obtain benefits from two sources based on two incompatible positions, simply because the positions aid her claims for remuneration, would reduce truth to a mere financial convenience and would undermine the integrity of the judicial process.”).
III.
In regard to National Union’s other arguments in favor of its claims under sections 3-404 and 3-405, as well as its other claims based on section 3-406, on “money had and received,” on common law conversion, and on breach of restrictive indorsement, we have reviewed the record thoroughly and found no reversible error. As *532 to these claims, we affirm on the reasoning of the district court.
CONCLUSION
For the reasons stated herein, the judgment of the district court is affirmed.

AFFIRMED

 Two other defendant banks were dismissed for lack of subject matter jurisdiction.